19-2494-cr
*United States v. Jagana*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

Present:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

United States of America,

> *Appellee*,

> v.                                    No. 19-2494-cr

Malamin Jagana,

> *Defendant-Appellant,*

Mahamadou Jabbi, Aboubarcari Wague,

> *Defendants.*

---

| | |
|---|---|
| For Defendant-Appellant: | Peter E. Brill, Brill Legal Group, P.C., New York, NY. |
| For Appellee: | Emily A. Johnson, Danielle R. Sassoon, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of

New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Malamin Jagana appeals from a conviction by a jury of conspiracy to commit passport fraud in violation of 18 U.S.C. § 371 and of wrongful delivery of a passport in violation of 18 U.S.C. §§ 1544 and 2. Jagana's sole argument on appeal is that the district court (Rakoff, *J.*) improperly excluded impeachment evidence that Jagana wished to use against a prosecution witness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Jagana was accused of participating in a passport fraud scheme. One of the prosecution's witnesses was Jabou Conteh, who had received a non-prosecution agreement. Because Conteh was caring for a sick infant, she was deposed by video before the trial. Conteh is a native of Gambia who came to the United States in 2015 and successfully applied for asylum. At the deposition, Conteh admitted to having lied in multiple visa applications prior to her 2015 arrival and admitted to having used a fraudulent passport arranged by Jagana for her 2015 trip to the United States. Those portions of the video deposition were shown to the jury.

This appeal concerns a portion of the deposition not shown to the jury. One of Conteh's grounds for asylum was that her parents were forcing her into an arranged marriage to an older man. At the deposition, Conteh confirmed that she had told federal authorities in 2015 and 2017 that she was "fleeing from [her] family because they were forcing [her] into an arranged marriage with a much older man," App'x 84, and that she was "seeking asylum because [she was] being forced into a marriage [she] didn't want to have," *id.* 108. Later in the deposition, the government elicited more information about the person that Conteh's parents had wanted her to marry:

> Q: If you continued to live in Gambia, what was your understanding
> of whether you could refuse to marry that person?
>
> A: Yeah, I could refuse to marry him.

2

Q: So could your parents have forced you to marry someone?

A. They will, they will, yeah, because the way they are saying it they will. They might, yeah.

Q. You understood that they were going to force you to marry someone?

A. Yeah, yeah, they will force me to marry someone.

*Id.* 123–24.

Jagana's counsel returned to this subject again later in the deposition:

Q. [W]hen you were talking about the marriage, forced marriage, did you say you . . . could have refused to marry this person or you could not have refused?

A: I could have, I could have refused?

Q. Yes. Do you think that you could have refused to marry this person? . . . [I]f you said that you would not marry this person, would something have happened to you?

A. Yeah. The thing that will happen to me is just they're going to be mad at me, so --.

Q. Your family would be mad at you?

A. Yeah, they're going to be mad at me.

*Id.* 140–41.

At trial, the government moved to exclude Conteh's testimony about the arranged marriage. Jagana argued that the discussion about the arranged marriage was admissible for impeachment purposes because Conteh had said in 2015 and 2017 that her parents were "forcing" her into an arranged marriage and would have "flogged" her if she refused, but testified at her deposition that she "could have refused" the match but that "[her] family would be mad at [her]." *Id.* 164. After reviewing the relevant portions of the deposition transcript, the district court granted the government's motion to exclude, holding that Jagana had not shown that the two portions of the deposition transcript were inconsistent.

Jagana argues on appeal that the district court erred in excluding the testimony because Conteh was a key prosecution witness and Jagana should have been allowed to probe her alleged dishonesty.

The Sixth Amendment of the U.S. Constitution guarantees each criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. "A district court should afford wide latitude to a defendant in a criminal case to cross-examine government witnesses, . . . [b]ut it does not follow, of course, that the Confrontation Clause prevents a trial judge from imposing *any* limits on defense counsel's inquiry in cross-examining a prosecution witness." *United States v. James*, 712 F.3d 79, 103 (2d Cir. 2013).[1] Federal Rule of Evidence 611 provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). "Prior inconsistent statements may be used to impeach the credibility of a witness, but to admit specific statements the trial judge must be persuaded that they are indeed inconsistent." *Victory v. Bombard*, 570 F.2d 66, 69–70 (2d Cir. 1978). "A district court is accorded broad discretion in controlling the scope and extent of cross-examination," and "[w]e review for abuse of discretion a district court's decision to preclude evidence offered to impeach a witness." *James*, 712 F.3d at 103.

We find no abuse of discretion in the exclusion of Conteh's testimony regarding the arranged marriage. The purportedly contradictory statements boil down to: (1) Conteh said in 2015 and 2017 that her parents "were forcing [her] into an arranged marriage with a much older man" and would have flogged her if she refused, whereas (2) in the 2019 deposition Conteh testified that

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

4

she "could have refused" the match in which case her parents would "be mad at [her]." App'x 84, 140–41.

We agree with the district court that these statements tell a consistent story: In 2014, Conteh was living in Gambia and wished to marry a man who was in the United States. Her parents, however, pressured her to marry an older Gambian man in an arranged marriage, and would have been greatly displeased if she disobeyed. As a result of this pressure (and for additional reasons not relevant here), Conteh sought asylum in the United States. While Conteh may have used stronger language in 2015 to describe the pressure she felt to comply with her parents' wishes, we cannot say the language was contradictory. *See United States v. Leonardi*, 623 F.2d 746, 756–57 (2d Cir. 1980) (holding that evidence was properly excluded because "[it] did not necessarily contradict [the witness's] testimony at trial"). If Jagana thought a contradiction existed, he had a full opportunity at the deposition to elicit more information about the degree of coercion involved. Conteh's testimony had been completed by the time the issue was placed before the district court, and her testimony about the arranged marriage was not contradictory. It was therefore within the district court's discretion to exclude those portions of the deposition.

We have considered Jagana's remaining arguments on appeal and have found in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5